WRIGHT *v.* LOTT *et al.*

(Division B.    Oct. 28, 1929.)

[124 So. 270.    No. 28068.]

S. C. Mims, Jr., of Grenada, for appellant.

Cowles Horton, of Grenada, for appellees.

Ethridge, P. J., delivered the opinion of the court.

The appellant, Jacob Wright, brought an action of ejectment in the circuit court for a certain described tract of land, together with a demand for four hundred dollars for use and occupation and damages. The strip involved was ten acres off of the east side of the quarter. The defendant pleaded the general issue, and set up, by a special plea, that the plaintiff should not maintain the action because the heirs at law of the father of the plaintiff, who had died intestate and seized and possessed of the lands in the declaration, had an agreement of partition and division in kind of the lands among the heirs

at law; that the defendant paid owelty, and part of the land was taken in possession in the said division, that in the division there was set off to the defendant certain lands, and that the defendant was advised and informed by the plaintiff, and other heirs, that the lands involved in the suit and described in the plaintiff's declaration were set off and allotted to, and became the property of, the defendant; that she took, and received, and held these lands on said representations and statement agreeably to all of the heirs, including the plaintiff, and the lands, in fact, belonged to her, and not to the plaintiff.; that it was the purpose and intent of all the parties, and especially the plaintiff and the defendant in this suit, that the defendant should take and receive the said ten acres of land, without which the division would not have been fair and equal; and that all of the parties accepted and acted on the said understanding, and that the defendant had made valuable improvements on the land.

On the trial of the case the defendant proved, over objection, that, prior to the making of the deeds in the partition agreement, the plaintiff had pointed out the boundaries between the plaintiff's tract and the defendant's tract at a certain point, which was not, in fact, the true line, but that the defendant believed it to be the true line, and made the arrangements, or partition, with this understanding in mind. In other words, the defendant proved, by oral evidence, that there was an understanding, or agreement, made prior to the execution of the deeds, not contained in the deeds. The verdict and judgment was for the defendant.

The plaintiff requested the following instruction, which was refused: "The court instructs the jury, for the plaintiff, that if nine or more of you believe, from the preponderance of the proof in this case, that the defendant executed a deed of conveyance to the land described in plaintiff's declaration to the plaintiff, prior to the time

of the filing of this suit, and that the plaintiff has not reconveyed the same to defendant, or to some other, party, then you must find for the plaintiff.''

We think it was error to admit the evidence above referred to, because it is well settled that a deed merges all prior agreements and becomes the exclusive exponent of the contract, unless there are other contemporary writings, and cannot be varied in a court of law. The instruction requested by the plaintiff, above set out, should have been given. It may be that the defendant had a right to go in a court of equity and have the deed reformed, as to which we express no opinion. On the remand of the case, counsel may determine whether he will move to have the cause transferred to the chancery court; but this action cannot be sustained in a court of law on the facts embraced in this record. We do not think the doctrine of estoppel applicable to the facts contained in this record.

Judgment of the court below will be reversed and remanded.

- Reversed and remanded.